*E. T. Dunn, John M. Winn* and *W. R. Hare*, for plaintiff in error.

*Benjamin Meck*, for defendant in error.

---

### NOTICE OF APPEAL.

[Circuit Court of Clark County.]

ROBERT A. KERAUVER v. FRANKLIN P. BATDORF.

Decided, May Term, 1903.

*Appeal—Notice of—Legality of, Where Signed by Counsel—Section 5227.*

Where it appears from the record that the attorney signing the notice of appeal was the attorney of the appellant from the beginning of the action, and had signed other papers with the approval of his client, his authority to sign a notice of appeal will be presumed, and only clear proof can overcome this presumption.

SULLIVAN, J.; SUMMERS, J., and WILSON, J., concur.

On motion to dismiss appeal.

The defendant moves the court to dismiss the appeal taken in this case, for the reason that a written notice of appeal "as required by Section 5227, Revised Statutes, as amended October 22, 1902 (96 O. L., 12), was not given by plaintiff. The section as amended provides that a party desiring to appeal his cause to the circuit court shall, within three days after the order or

judgment is entered, file with the clerk of the common pleas court a written notice of such intention, and within thirty days after the entering of such judgment or order give an undertaking,'' etc.

The notice filed and found with the papers in the case is signed in the following manner: ''Robert Kefauver, by Reinhoel, his attorney.'' The defendant contends that the record does not show that the attorney was authorized to sign plaintiff's name to the notice, and that such authority can not be presumed, though the record shows that the attorney named represented the plaintiff in the common pleas court from the bringing of the action until it passed into judgment; that the above section as amended requires the notice to be signed by the party, and if the attorney signs his client's name, it must affirmatively appear that he was authorized to do so, and there is no presumption of such authority, arising from the fact that the record shows the attorney to have conducted the suit for appellant from the beginning of the action until the order or judgment appealed from was entered; that in this case the plaintiff, as appears from the record, was and is a non-resident of the state of Ohio, and a resident of the state of Maryland, and that within the time that the notice was required to be given, the attorney could not have received authority. The motion was submitted upon the facts as shown by the record.

On the other hand, plaintiff contends that the section as amended does not require the notice to be signed by the party; that this was not the purpose of the amendment; that it was simply to avoid controversy between parties, as to whether notice of appeal had in fact been given, and when given.

The statute, Section 5227, Revised Statutes, prior to the amendment of October 22, 1902, provided that ''A party desiring to appeal his cause to the circuit court shall within three days after the judgment or order is entered, enter on the records notice of such intention.'' Unless this notice was entered upon the record within three days, the right of appeal was lost, though the party may have given such notice verbally in open court, and the judge may have entered the fact of such notice

upon his docket. The record alone determined whether the required notice had been given, and the time when entered, and the omission to enter the notice upon the record could not be remedied by *nunc pro tunc*. Therefore, the controversy suggested by appellant's counsel could not arise.

The Legislature had some object in view in amending the statute. It was not to have it appear of record that an appeal had been taken, for as we have seen, before the amendment to the statute the notice had to be entered on the record. The section now, as well as before the amendment, provided that the party should enter the notice upon the record, but this was almost universally done by the attorney, and frequently without the knowledge of the party, and perhaps without and conference with the party whether he desired to take an appeal.

That it should appear of record that the party had, in fact, taken an appeal, is, we think, the only reason apparent for the amendment. As to the necessity or wisdom of the amendment, we neither consider or discuss. The section expressly provides that the party, and not the attorney, shall give the written notice, and for the purpose, we think, to have the record show that the *party had taken the appeal*.

"The right of appeal exists only by virtue of the statute, and to give the appellate court jurisdiction the statutory provisions must be strictly followed." *Brown* v. *Wallace*, 66 Ohio St., 57.

The party, however, may authorize his attorney to sign such notice. The remaining question presented here is whether this authority is presumed from counsel's employment in the cause as shown by the record, or from the style in which this notice is signed.

Counsel for appellee contends that an attorney's authority ceases when the judgment is rendered. After that he has no authority to act for and bind the party in the action, and hence no presumption of authority to do so arises. He further contends that the record shows that the residence of the party being in another state was so remote from the court that it was impossible for counsel to have received express authority within the period that such notice was required to be given.

Upon the first point he cites two authorities which we have

not considered fully, for the reason, we think, they are not in point upon the state of facts presented in the case before us. The second we think not well taken, for the reason that authority could have been given by the party by other methods than by mail, and by the party before the case had passed into judgment.

The record shows the counsel signing the notice to have been employed by the appellant throughout the entire proceedings; that he is the attorney of record, and that his services were accepted by the appellant signing papers in the action with his approval.

"The act of the attorney in entering the appearance of a defendant carries with it a presumption of due authority upon his part to do so." *Garrison* v. *McGowan*, 48 Cal., 592, 600; *Harshey* v. *Blackmarr*, 20 Iowa, 161 (89 Am. Dec., 520).

If relief be sought against a judgment rendered after such entry of appearance upon the ground of want of authority of the attorney, it is incumbent upon the party to make out a clear and unmixed case.

In the cases cited it did not appear from the record that the attorneys entering the appearance of the defendants had any authority to do so at the time it was done. In the case before us, it appears from the record that the attorney signing the notice was the attorney of the appellant from the beginning of the action and throughout the entire proceedings in the case, signing, during its progress, papers in the case. We are of the opinion, therefore, that his authority to sign the notice must be presumed, and such presumption could only be overcome by clear proof.

The motion, therefore, to dismiss the appeal is overruled.

After the court had disposed of the motion upon the submission upon the record, the appellee asked leave to offer testimony as to counsel's authority to sign appellant's name to the notice of appeal, which was refused; to which refusal, as well as to overruling the motion to dismiss the appeal, counsel for defendant, at the time, excepted.

*Martin & Martin,* for motion.

*D. F. Reinhoel,* contra.